# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:08CR00024-035 |
| v. | ) | **OPINION AND ORDER** |
| **MARTIN AVERY HUGHES,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed motions to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant eligible for relief, and I will reduce the sentence.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty

range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

While a defendant whose crack cocaine drug crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c). Thus, the court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted.

The defendant was indicted in this court on May 28, 2008, and charged with conspiring to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The United States filed an Information to establish the defendant's prior convictions pursuant to 21 U.S.C. § 851, subjecting him to an increased penalty range of mandatory life imprisonment due to two or more prior drug convictions.

On October 27, 2008, the defendant pleaded guilty pursuant to a written plea agreement. The parties agreed that only one conviction would apply under 21

U.S.C. § 851, subjecting him to a mandatory minimum term of 20 years imprisonment, and a maximum of life. The parties also stipulated that the defendant was a career offender. As a result, his Sentencing Guideline range was enhanced in accordance with U.S. Sentencing Guidelines Manual § 4B1.1. According to the Presentence Investigation Report, the defendant was held accountable for approximately 50 grams of cocaine base. Accordingly, he was determined to have a total offense level of 34, after a reduction for acceptance of responsibility, and a criminal history category of VI, yielding a guideline range of 262 to 327 months imprisonment.

On March 2, 2009, the defendant was sentenced under the then-advisory guidelines to 262 months imprisonment, to be followed by five years of supervised release. The length of the term of supervised release was in error, because the mandatory minimum term authorized by statute, in light of the § 851 Information, was 10 years. 21 U.S.C. § 841(b)(1)(A). The Bureau of Prisons calculates his current projected release date to be April 15, 2028.

Under the 2018 FSA, the new statutory sentencing range, if applied to the defendant with the § 851 Information, is 10 years to life imprisonment and at least eight years supervised release. 21 U.S.C. § 841(b)(1)(B). The defendant remains a career offender based on an offense of conviction with a statutory maximum of life. Therefore, his guideline range does not change.

The United States concedes that the defendant is technically eligible for reduction, since he was sentenced under § 841(b)(1)(A) for a crack cocaine offense that was committed prior to August 3, 2010. 2018 FSA § 404(a). However, it opposes any reduction, pointing out that the defendant's guideline range is the same as it was when the defendant was sentenced. Moreover, while the guideline minimum range of 262 months was only advisory, the court did not vary below it to the 240 months mandatory minimum then required by statute. Finally, the United States finds the defendant's record sparse of evidence of rehabilitation efforts while incarcerated. In sum, the United States urges that nothing has changed since 2009 under the appropriate sentencing factors that would influence the court to now reduce the defendant's sentence.

I find it appropriate in determining whether to reduce the defendant's sentence, and the extent of any such reduction, to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). I have reviewed the defendant's original Presentence Investigation Report and education and disciplinary data while in prison, as well as the briefs filed by counsel. Although the defendant's guideline range remains the same, he has had a relatively good disciplinary history while incarcerated and is now 48 years old, which may reduce the possibility of recidivism.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motions to Reduce Sentence, ECF Nos. 3587 and 3618, are GRANTED;

2. <u>The defendant's sentence is hereby reduced to 120 months but not less than time served.</u> This imprisonment is to be followed by a term of supervised release of five years;

3. The defendant's sentencing judgment shall otherwise remain unchanged;

4. The effective date of this Order shall be stayed for 10 days from the date of entry to allow the processing of the defendant's release and to allow the Probation Office to approve his reentry plan; and

5. The Probation Office shall immediately transmit this Opinion and Order to the Bureau of Prisons.

    ENTER: April 5, 2019

    /s/ *James P. Jones*
    United States District Judge